1
2
3
4
5
6
7
8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ORLANDO MARTIN,

12              Plaintiff,              No. CIV S-05-00557 ALA P

13        vs.

14   ALVARO C. TRAQUINA,

15              Defendant.              <u>ORDER</u>

16   _____/

17        Plaintiff Orlando Martin is a state prisoner proceeding *pro se* and *in forma pauperis* with

18   a civil rights action pursuant to 42 U.S.C. § 1983.  The trial is set for January 23, 2008.

19        Before this Court is defendant Doctor Alvaro C. Traquina's motion for summary

20   judgment and Mr. Martin's motion to amend his pretrial statement.  The Court grants Mr.

21   Martin's motion to amend his pretrial statement to call two witnesses and denies Doctor

22   Traquina's motion for summary judgment.  The Court vacates its November 21, 2007, order

23   requiring Doctor Traquina to file a response to Mr. Martin's opposition to the motion for

24   summary judgment.

25                            **I**

26        On August 3, 2007, the Court granted in part and denied in part defendants' motion for

27   summary judgment.  The only remaining issue is Mr. Martin's claim that Doctor Traquina

28   delayed his bone spur removal surgery in violation of Mr. Martin's Eighth Amendment rights.

1

On October 30, 2007, Dr. Traquina filed a motion for summary judgment on the remaining claim.  Dr. Traquina argues that Mr. Martin failed to identify any witnesses in his pretrial statement and that "without witnesses at trial, plaintiff cannot establish that Dr. Traquina was 'deliberately indifferent' to plaintiff's purported medical needs."  Mot. for Summ. J. at 7:27-28.

On November 15, 2007, Mr. Martin filed an opposition to the motion for summary judgment and a motion to amend his pretrial statement.  In his motion to amend his pretrial statement he states that he "will subpoena both Dr. Chin and Dr. Dwayne Highsmith."  Mot. to Amend. at 4:6.  Dr. Traquina argues that this request should be denied.  Dr. Traquina maintains that, instead of filing a motion for summary judgment, he could have waited until after Mr. Martin failed to present witnesses at trial and then moved for non-suit.  Dr. Traquina contends that he "should not be prejudiced by seeking to resolve this matter prior to trial in the interests of justice and judicial economy."  Mot. for Summ. J. at 7:17-18.

Rule 16(e) of the Federal Rules of Civil Procedure provides that "[t]he court may modify the [final pretrial] order issued after a pretrial conference only to prevent manifest injustice."  "Under this principle, a pre-trial order 'is not an inexorable decree and may, under proper circumstances, be modified'." *Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976) (citations omitted).  "In the exercise of sound judicial administration and the interest of justice, 'an amendment of a pre-trial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Id.* (citations omitted); *see also United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981) (explaining that to modify a pretrial order the court should consider the degree of prejudice to movant and opposing party, the impact of a modification at that stage of litigation on the orderly and efficient conduct of the case, and the degree of willfulness, bad faith or inexcusable neglect on part of movant).

There has been no final pretrial order issued in this case.  Therefore, the inconvenience to the Court to allow Mr. Martin to amend his pretrial statement is slight.

Moreover, Dr. Traquina has been put on notice since August 3, 2007, that the remaining

claim in this case concerns whether he was deliberately indifferent to Mr. Martin's need for bone spur removal surgery. In the second amended complaint, filed on January 13, 2006, Mr. Martin identified both Dr. Chin and Dr. Highsmith, the witnesses he moves to add to his pretrial statement, as relevant to the remaining claim. *See, e.g.,* Second Am. Compl. 8:8-14, 9:2-8; Mem. in Supp. of Sec. Am. Compl. at 9:9-28. There is no evidence that Mr. Martin, a *pro se* plaintiff, willfully failed to list these witnesses in his pretrial statement. Since Dr. Traquina was aware of these witnesses since the inception of the case, allowing Mr. Martin to amend his pretrial statement to include these two witnesses will not result in substantial injury to or prejudice Dr. Traquina.

Finally, if Mr. Martin's motion to amend his pretrial statement is denied it would result in manifest injustice because he would be unable to pursue his claim. *See, e.g., Clark v. Penn. R.R.*, 328 F.2d 591, 594 (2d Cir. 1964), *cert. denied*, 377 U.S. 1006 (1964) (holding that the trial court had the ability to amend its pretrial order during trial to allow additional witnesses to testify, explaining that "[o]therwise a pretrial order or pre-trial statements would hold parties in a vise, and the result might be just about as bad as a return to the old sporting theory of justice."). Mr. Martin's motion to amend his pretrial statement is, therefore, granted.

Mr. Martin claims that "Dr. Chin and Dr. Dwayne Highsmith . . . will have to be subpoena[ed] against their will." Mot. to Am. at 4:6-7. Mr. Martin is advised that the procedures for subpoenaing witnesses are fully set forth in the Court's Revised Scheduling Order dated March 1, 2006.

## II

Mr. Martin has identified two witnesses that he intends to call at trial. Thus, Dr. Traquina's argument in his motion for summary judgment that Mr. Martin would not be able to provide evidence at trial to support his claim fails. Dr. Traquina's motion for summary judgment is denied and the Court's November 21, 2007, order to respond to Mr. Martin's opposition to the motion for summary judgment is vacated.

///

///

Accordingly, **IT IS HEREBY ORDERED** that:

1.      Defendant's Motion for Summary Judgment is denied;

2.      Plaintiff's Motion to Amend Pretrial Statement to include witnesses Dr. Chin and Dr. Highsmith is granted;

3.      The Court's November 21, 2007, order requiring Defendant to respond to Plaintiff's Opposition to the Motion for Summary Judgement is vacated.

/////

DATED: December 14, 2007

                                        /s/ Arthur L. Alarcón
                                        UNITED STATES CIRCUIT  JUDGE
                                        Sitting by Designation